Mathew K. Higbee, Esq., SBN 241380
Ryan E. Carreon, Esq., SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com

*Attorney for Plaintiff,*
CHRISTOPHER SADOWSKI

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SADOWSKI<br><br>Plaintiff,<br><br>v.<br><br>HOLLYWOOD UNLOCKED INC.; HOLLYWOOD UNLOCKED AGENCY LTD. LIABILITY CO.; HOLLYWOOD UNLOCKED AGENCY INC.; and DOES 1 through 10, inclusive.<br><br>Defendants. | Case 2:19-cv-05541-PSG-RAO<br><br>**PLAINTIFF'S EX PARTE APPLICATION TO COMPEL DEPOSITIONS AFTER THE OR, IN THE ALTERNATIVE, LEAVE TO FILE A L.R. 37 JOINT STIPULATION AFTER THE DISCOVERY CUTOFF AND FOR SANCTIONS** |

TO THE COURT, DEFENDANTS, AND THEIR ATTORNEYS OF RECORD Plaintiff Christopher Sadowski ("Sadowski") hereby applies ex parte for an Order compelling the depositions of Jason Lee, Kecia Gayle, Deja Monet, and Alyssa Brook ("Deponents") to take place within seven days, or, in the alternative, to allow Sadowski to file a L.R. 37 stipulation after the discovery cutoff, and for sanctions in the amount of $2,470.

Good cause for granting this Application exists as follows: In early October Plaintiff's counsel informed Defendants' counsel he intended to depose the Deponents and requested available dates, preferably in no later than November so that the depositions could be completed well in advance of the December cut-off date. After multiple inquiries, Defendants' counsel repeatedly stated that she would provide potential dates, but never in fact provided any available dates. Due to the looming holiday season and December cut-off dates, Plaintiff's counsel noticed Deponents' depositions more than two weeks in advance to take place December 3rd and 4th. Defendants' counsel never objected to the dates or deposition notices.

Approximately 36 hours prior to the depositions, Defendants' counsel stated for the first time that Deponent Lee would not be appearing because he was "unavailable as he is filming a new [television] show." In subsequent correspondence, Defendants' counsel also stated that the remaining Deponents would not appear because they had not been subpoenaed. In response, Plaintiff's counsel stated the Defendants initial disclosures listed all of the Deponents as being able to be contacted through Defendant Hollywood Unlocked Inc. and that at no time had Defendants ever stated that they needed to be separately subpoenaed or provided a valid address for process of service.

Because of Defendants' counsel's failure to timely provide available dates, and because of her 11th hour decision to not have the Deponents appear despite being duly noticed, Sadowski will not be able to take the depositions of the

Deponents prior to the discovery cut-off date unless the relief sought in the Application is granted.

Sadowski now requests that the Court Order the Deponents to appear for depositions within seven days or, in the alternative, allow Sadowski to file a L.R. 37 Joint Stipulation after the discovery cut-off date.

Pursuant to L.R. 7-19.1, counsel for Defendants, Keiyana Fordham Pilson, was advised of this Ex Parte Application orally by telephone and by email on December 2, 2020, and stated her intent to oppose. Pursuant to L.R. 7-19, Defendants' counsel contact information is as follows:

> Keiyana Fordham Pilson
> Pilson Law Group, P.C.
> 4601 Lafayette Street, #4476
> Santa Clara, CA 95054
> (202) 725-7440 Tel
> (408) 884-2407 Fax
> kpilson@pilsonlawgroup.com

This Ex Parte Application is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Ryan E. Carreon in support, and the pleadings, files and other materials that are on file with the Court or which may be presented at the hearing.

DATED: December 4, 2020                    Respectfully submitted,

> **/s/ *Ryan E. Carreon***
> Ryan E. Carreon, Esq.
> Cal. Bar No. 311668
> **HIGBEE & ASSOCIATES**
> 1504 Brookhollow Dr., Ste 112
> Santa Ana, CA 92705
> (714) 617-8336
> *Counsel for Plaintiff*

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. INTRODUCTION

This is copyright infringement lawsuit arising from the unauthorized use of a 10 photographs owned by Plaintiff Christopher Sadowski ("Sadowski") in various editorial articles on the website www.hollywoodunlocked.com. On June 25, 2019, Sadowski sued Defendants Hollywood Unlocked Inc., Hollywood Unlocked Agency Limited Ltd. Liability Co., and Hollywood Unlocked Agency Inc. (collectively "Hollywood Unlocked") alleging copyright infringement and violation of the Digital Millennium Copyright Acts. *See* Dkt. #1.

On April 13, 2020, the Court issued a scheduling Order setting a fact discovery cut-off date of December 4, 2020. Dkt. #26. Declaration of Ryan E. Carreon ("Carreon Decl.") ¶ 3.

On May 4, 2020 Hollywood Unlocked served its initial disclosures identifying Jason Lee, Kecia Gayle, Deja Monet, and Alyssa Brook as individuals likely to have discoverable information. Carreon Decl. ¶4, Exhibit A. Hollywood Unlocked's initial disclosures listed these individuals as being reachable through Defendant Hollywood Unlocked Inc. and provided identical contact information for each. Carreon Decl. ¶5, Exhibit A. Through subsequent discovery, Sadowski was able to ascertain that Lee was the owner of Hollywood Unlocked, while Gayle, Monet, and Brook were editors and reporters at Hollywood Unlocked who authored the articles containing the infringed photographs at issue. Carreon Decl. ¶6.

On September 2, 2020 Attorney Keiyana Fordham Pilson substituted in to the case on behalf of Hollywood Unlocked. Dkt. #35. On October 8, 2020, Ryan E. Carreon, counsel for Sadowski, served a subsequent round of written discovery on Hollywood Unlocked and stated via email his intent to depose Lee, Gayle, Monet, and Brook, and asked that Attorney Pilson provide tentative dates, preferably in November. Carreon Decl. ¶9, Exhibit B. Attorney Carreon requested that the dates be in November in order to allow for sufficient time to be able to address any

scheduling conflicts or discovery disputes in advance of the December discovery cut-off date. Carreon Decl. ¶10. Attorney Pilson responded stating that she would "be in touch with you about possible dates." Carreon Decl. ¶11, Exhibit B.

On October 22, 2020, Attorney Carreon sent a subsequent email following up on proposed deposition dates. Carreon Decl. ¶12, Exhibit B. On October 29, 2020 Attorney Pilson responded by stating that "I will be speaking with my client today and I will get back to you about some possible dates." Carreon Decl. ¶13, Exhibit B. On November 3, 2020, Attorney Carreon again inquired as to whether Attorney Pilson had obtained deposition dates, but received not response. Carreon Decl. ¶14, Exhibit B. On November 10, 2020, Attorney Carreon sent an email following up on Hollywood Unlocked's overdue written discovery responses and stating "I would appreciate if you could get back to me about deposition dates, otherwise, I will have to unilaterally choose a date and send out the notices." Carreon Decl. ¶15, Exhibit B.

On November 17, 2020 Attorney Carreon served deposition notices for Lee, Gayle, Monet, and Brook to take place December 3 and 4[1]. Carreon Decl. ¶17, Exhibit C. Lee was noticed to be deposed on Thursday December 3, while Gayle, Monet, and Brook were noticed to be deposed on Friday December 4. Carreon Decl. ¶18, Exhibit C.

Between November 17 and December 1, the parties made efforts to try and resolve the case, however Attorney Carreon made clear during the correspondence that he was planning on the depositions moving forward as planned. Carreon Decl. ¶20, Exhibit D. At no time Prior to December 1 did Attorney Pilson ever object to the deposition dates nor state that Hollywood Unlocked would not produce one of more of the deponents for deposition as noticed. Carreon Decl. ¶21, Exhibit D.

On the evening of December 1, approximately 36 hours prior to the

---
[1] In his email to Attorney Pilson, Attorney Carreon erroneously stated that the depositions would

3
**EX PARTE APPLICATION**

depositions, Attorney Pilson emailed Attorney Carreon and stated for the first time "[Jason Lee] is willing to go forward with depositions, but this Friday, Dec. 4 he's unavailable as he does filming for a new show." Carreon Decl. ¶22, Exhibit D. The next morning, Attorney Carreon responded that since he had noticed Lee's deposition for Thursday, December 3 and not Friday, December 4 it did not appear that there was a conflict and that they could move forward as planned. Carreon Decl. ¶23, Exhibit D. He also requested that Attorney Pilson confirm that Gayle, Monet, and Brook would appear on December 4 as noticed. Carreon Decl. ¶24, Exhibit D.

Attorney Pilson subsequently responded by stating that Lee "films and produces a show on Mondays and Thursdays, and is therefore only available for a deposition on a Tuesday or Wednesday" and that "The other notices you served are on non-party defendants who may or may not be represented by personal attorneys." Carreon Decl. ¶25, Exhibit D. This was the first time that Attorney Carreon had been made aware of any scheduling conflict with the deposition of Lee and also the first time that he was made aware that Hollywood Unlocked would not be producing Gayle, Monet, or Brook for deposition. Carreon Decl. ¶26.

Carreon subsequently sent an email to Pilson stating that "I have been asking you about these depositions since October, and sent the notices to you in November. Now, less than 24 hours prior to the deposition of Mr. Lee, you are unilaterally stating that he will not appear due to a conflict that appears to have been known to both him and you for some time." Carreon Decl. ¶27, Exhibit D. Regarding the depositions of Gayle, Monet, and Brook, Attorney Carreon stated that "up until your email a half hour ago, you had not once ever indicated that the individual deponents needed to be subpoenaed to appear, nor do Hollywood Unlocked's initial disclosures or interrogatory responses state as such." Carreon Decl. ¶28, Exhibit D.

Attorney Carreon subsequently notified Attorney Pilson by telephone and

email that the instant Ex Parte Application. Carreon Decl. ¶30. Attorney Pilson stated her intent to oppose. Carreon Decl. ¶30.

On December 3, 2020, Sadowski filed an Ex Parte Application in front of Magistrate Judge Rozella A. Oliver requesting an Order compelling Lee, Gayle, Monet, and Brook to attend their depositions within seven days, or, in the alternative, to allow Sadowski to file a Joint Stipulation pursuant to L.R. 37 after the discovery cut-off. Dkt. #36. On December 4, 2020, the document was stricken on the basis that some of the relief sought was outside the purview of the Magistrate Judge. *See* Dkt. #37-38. Sadowski now filed the instant Ex Parte Application seeking relief from the District Court Judge.

## II.   GOOD CAUSE EXISTS TO GRANT THIS APPLICATION

In order to be accorded Ex Parte relief, a movant must show that it "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and that it "is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

As an initial matter, Sadowski is aware that under the Local Rules, discovery motions are typically filed in the form of a Joint Stipulation pursuant to L.R. 37. In this Application, Sadowski has requested alternative relief in the form of leave to file such a stipulation beyond the discovery cut-off date. However, Courts in this District have granted Ex Parte relief compelling attendance at a properly noticed deposition where the deponent unilaterally cancels the day before the deposition. *See Littlefield v. NutriBullet, L.L.C.*, 2017 WL 10439791 at \*7 (C.D. Cal. Nov. 3, 2017) (holding that "Defendant's failure to appear for a noticed 30(b)(6) deposition with the fact discovery deadline fast approaching" sufficient grounds for Ex Parte relief ordering deposition to be taken on an expedited basis); *See also American Payroll Outsourcing, Inc. v. Southeast Personnel Leasing, Inc.*, 2018 WL 7395159,

at *4 (C.D.Cal., 2018) (granting Ex Parte relief for failure to produce witnesses where initial disclosures stated that "such witnesses can be reached through [Plaintiff] APO.").

As will be demonstrated below, Sadowski's counsel made diligent attempts to arrange for mutually agreeable deposition dates in order to allow for sufficient time to be able to address any scheduling conflicts or discovery disputes in advance of the December discovery cut-off date via typical procedures. However, Defendants' counsel repeatedly promised, and then failed to provide available dates, which forced Plaintiff's counsel to notice deposition dates toward the end of the discovery period.

Even still, Plaintiff's counsel noticed the depositions far enough in advance that, had Defendants counsel promptly objected to them, a L.R. 37 Stipulation could have been filed prior to the discovery cut-off date. Instead, Defendants' counsel waited until 36 hours before the depositions were set to take place to object, forcing Sadowski in to the unenviable position of having to file this Ex Parte Application seeking relief or risk irreparable prejudice by being denied the opportunity to take depositions in this case.

**A. Sadowski acted diligently with respect to the depositions at issue.**

On September 2, 2020 Attorney Pilson substituted in to the case on behalf of Hollywood Unlocked. Dkt. #35. On October 8, 2020, Ryan E. Carreon, counsel for Sadowski, served a subsequent round of written discovery on Hollywood Unlocked and stated via email his intent to depose Lee, Gayle, Monet, and Brook, and asked that Attorney Pilson provide tentative dates, preferably in November. Carreon Decl. ¶9, Exhibit B. Over the next month, Attorney Pilson repeatedly stated that she would provide dates to Attorney Carreon for the depositions, but never actually did. Carreon Decl. ¶¶10-15, Exhibit B.

At no time did Attorney Pilson indicate any potential scheduling conflicts or state that Hollywood Unlocked would not produce Gayle, Monet, and Brook for

deposition. Had such information been promptly disclosed to Plaintiff's counsel in October or even November, Sadowski could have moved for relief via a L.R. 37 Stipulation prior to the December discovery cut-off date.

On November 17, 2020 Attorney Carreon served deposition notices for Lee, Gayle, Monet, and Brook to take place December 3 and 4. Carreon Decl. ¶16, Exhibit C. Attorney Carreon was forced to unilaterally choose these dates because of Attorney Pilson's repeated failures to provide available dates as promised. *See* Carreon Decl. ¶13. Once again, Attorney Pilson did not indicate any potential scheduling conflicts or state that Hollywood Unlocked would not produce Gayle, Monet, and Brook for deposition despite having over two weeks notice of the deposition dates. Once again, had such information been promptly disclosed, Sadowski could have moved for relief via a L.R. 37 Stipulation prior to the December discovery cut-off date.

Instead, Attorney Pilson waited until approximately 36 hours before the depositions were to take place, to disclose for the first time that Lee had a scheduling conflict and that Hollywood Unlocked would not be producing Gayle, Monet, or Brook for deposition despite the fact that Defendants' initial disclosures lists Gayle, Monet, and Brook as being reachable through Defendant Hollywood Unlocked Inc. Carreon Decl. ¶¶5, 22-26, Exhibit A, D.

Because Attorney Carreon began asking for deposition dates shortly after Attorney Pilson formally substituted in to the case, and because Attorney Pilson repeatedly failed to inform Attorney Carreon of any issues with the proposed depositions until shortly before they were to occur, Sadowski and his counsel can be said to be "without fault" in creating the circumstances necessitating this Ex Parte Application. Had Attorney Pilson disclosed these issues promptly, Ex Parte relief would not have been necessary.

Furthermore, Sadowski will be irreparably prejudiced if he is not allowed to take the depositions. The end of discovery is imminent and Attorney Pilson's

refusal to disclose any of the issues related to the depositions until the 11th hour has effectively prevented Sadowski from being able to seek regularly noticed relief or to be able to arrange to take the depositions prior to the cut-off date.

Sadowski therefore requests that Hollywood Unlocked be compelled to produce Lee, Gayle, Monet, and Brook for depositions within seven days or, in the alternative, that Sadowski be granted leave to pursue relief via a L.R. 37 Stipulation beyond the discovery cut-off date.

### B. Sadowski is entitled to monetary sanctions.

Finally, Sadowski should be awarded sanctions in the form of $2,470 in attorney's fees incurred in bringing this Ex Parte Application. Federal Rules of Civil Procedure 30(d)(2) provides that the court "may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Likewise, Federal Rules of Civil Procedure 37(d)(3) states that where a deponent fails to attend a duly noticed depositions "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified."

Here, as outlined above, the failure of Lee, Gayle, Monet, and Brook to appear at their depositions was not "substantially justified." Attorney Pilson had months to corporate in setting agreeable dates or to raise any issues with the depositions, but instead chose to voice her concerns less than two days before the depositions were to take place. As a result Sadowski has been forced to bring this Ex Parte Application.

Attorney Carreon has spent 6.5 hours communicating with Attorney Pilson regarding the deposition issue and drafting this Ex Parte Application, declaration, and proposed order. Carreon Decl. ¶31. Attorney Carreon charges a rate of $380 per hour. Carreon Decl. ¶31; *see also Werner v. Evolve Media, LLC*, 2020 WL

| | |
|---|---|
| 1 | 4012785, at *3 (C.D.Cal., 2020) (finding that a rate of $380 per hour "reasonable |
| 2 | for an attorney with Attorney Carreon's experience."). Thus the total fees incurred |
| 3 | related to this Ex Parte Application are $2,470, and sanctions should be awarded in |
| 4 | that amount against Attorney Pilson and Hollywood Unlocked. |

### III. CONCLUSION

For all of the reasons set forth above, Plaintiff Christopher Sadowski respectfully requests that the Court grant his Application for Ex Parte relief and compel Jason Lee, Kecia Gayle, Deja Monet, and Alyssa Brook to appear for a deposition within seven days, or in the alternative, to grant leave for the parties to prepare and file a L.R. 37 Stipulation past the discovery cut-off date

DATED: December 3, 2020                    Respectfully submitted,

**/s/ *Ryan E. Carreon***
Ryan E. Carreon, Esq.
Cal. Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705
(714) 617-8336
*Counsel for Plaintiff*

# PROOF OF SERVICE

I, the undersigned, say:

I am a citizen of the United States and I am a member of the Bar of this Court. I am over the age of 18 and not a party to the within action My business address is 1504 Brookhollow Dr., Ste 112, Santa Ana, California, 92705.

On December 4, 2020 I caused to be served the foregoing documents:

**PLAINTIFF'S EX PARTE APPLICATION; DECLARATION OF RYAN E. CARREON; [PROPOSED] ORDER**

X    I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California using the CM/ECF system which will send notice of such filing to the following registered CM/ECF users:

    Keiyana B. Fordham    kpilson@pilsonlawgroup.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on December 4, 2020, at Santa Ana, California.

                                          ***/s/ Ryan E. Carreon***
                                          Ryan E. Carreon, Esq.
                                          *Counsel for Plaintiff*