Keiyana Fordham Pilson, Esq. (SBN 331699)
Pilson Law Group, P.C.
4601 Lafayette Street, #4476
Santa Clara, CA 95054
(202) 725-7440 | Phone
(408) 884-2407 | Fax
kpilson@pilsonlawgroup.com

*Attorney for Defendants,*
*Hollywood Unlocked, Inc.*
*Hollywood Unlocked Agency, Ltd. Liability Co.*
*Hollywood Unlocked Agency, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>   Plaintiff,<br><br>vs.<br><br>HOLLYWOOD UNLOCKED, INC., HOLLYWOOD UNLOCKED AGENCY LTD. LIABILITY CO., HOLLYWOOD UNLOCKED AGENCY, INC, AND DOES 1-10<br><br>   Defendants. | Case No.: 2:19-cv-05541-PSG-RAO<br><br>**DEFENDANTS, HOLLYWOOD UNLOCKED INC., HOLLYWOOD UNLOCKED AGENCY LTD. LIABILITY CO., HOLLYWOOD UNLOCKED AGENCY, INC.**<br><br>**(1) OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION TO COMPEL DEPOSITIONS AND FOR SANCTIONS**<br><br>**(2) EX PARTE MOTION TO AMEND THE SCHEDULING ORDER TO EXTEND DISCOVERY CUTOFF FROM 12/4/2020 TO 1/8/2021** |

PLEASE TAKE NOTICE that Defendants, Hollywood Unlocked, Inc., Hollywood Unlocked Agency, Ltd. Liability Co., and Hollywood Unlocked Agency, Inc. by and through counsel of record hereby opposes plaintiff's ex parte application to compel depositions and for sanctions, and hereby moves ex parte for an order to extend the discovery cutoff from December 4, 2020 to January 8, 2021.

Dated:  December 4, 2020

Respectfully submitted,
**PILSON LAW GROUP, P.C.**

By: /s/Keiyana Fordham Pilson
Keiyana Fordham Pilson
*Attorney for Defendants*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The filing of Plaintiff's application was precipitated by a rejection of Defendant's offer of judgment, a breakdown in settlement negotiations, and a refusal by Plaintiff to agree to a discovery extension as a tactic to force a settlement and unnecessarily drive up attorneys' fees and costs.

By way of background, the Defendants in this action, Hollywood Unlocked, Inc., Hollywood Unlocked Agency Ltd. Liability Co., and Hollywood Unlocked Agency, Inc., have been represented by three different attorneys since the filing of this action by Plaintiff for alleged copyright infringement on June 25, 2019. Defendants' initial attorney of record entered his appearance on July 23, 2019 with the filing of an Answer on behalf of Defendants. By Orders of this Court, Defendants' request to substitute counsel was granted on March 11, 2020, and again on September 2, 2020 when the undersigned counsel became counsel of record on the case.

On September 22, 2020, Defendants provided responses to Plaintiff's first set of interrogatory requests and requests for production.

On November 16, 2020, Defendants, served an offer of judgment to Plaintiff in an effort to resolve the litigation in the interest of time and expected

litigation costs associated with discovery, including depositions.

On November 17, 2020, Plaintiff served deficient deposition notices to undersigned counsel. The only named defendants in this case are Hollywood Unlocked, Inc., Hollywood Unlocked Agency, Ltd., and Hollywood Unlocked Agency, Inc. Rather than serve a Fed. R. Civ. P. 30(b)(6) deposition notice to a corporate defendant, Plaintiff served a notice of deposition to Jason Lee, an individual, and not a named party to this action. In addition, Plaintiff served deposition notices rather than subpoenas to non-party defendants: Kecia Gayle, Dawn Davis, Deja Monet, and Alyssa Brook. At no time did Plaintiff ask if counsel would accept service of the deposition notices on the aforementioned non-party defendants. Counsel for Defendants does not currently represent any of the non-party defendants.

Now Plaintiff is audaciously seeking sanctions for the right to take depositions on notices that were improperly served.

Counsel has been in communication regarding Plaintiff's second set of discovery requests served on October 8, 2020, general availability for depositions, and possibility of settlement. In the absence of a settlement as of December 1st, Defendants requested a one month extension of time to the discovery deadline for both parties to finish engaging in the discovery process including responding to outstanding discovery requests and taking of

depositions before motion filings.

Defendants have not previously sought an extension of time to the discovery deadline in this case, and it is not unreasonable for undersigned counsel to request an extension when undersigned counsel has only been lead counsel for approximately three months.  Defendants are seeking an ex parte extension to further the litigation process so that depositions may be taken, and not obstruct the process as Plaintiff suggests by the filing of his application to compel and for sanctions.

## II.   ARGUMENT

### A) Plaintiff's Counsel Did Not Comply with Local Rule 37-1 Before Filing This Motion.

Local Rule 37-1 provides in relevant part, "Before filing any motion relating to discovery under F.Rs.Civ.P. 26-37, counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It is the responsibility of counsel for the moving party to arrange for this conference."  L.R. 37-1.

There was no such conference about any of the disputes between counsel regarding discovery.  The main issue between counsel is that a discovery extension is needed and hereby requested to finish discovery in this case, including the taking of depositions, and any written discovery.   There was no

such conference because every request to plaintiff's counsel for a discovery extension has been met with obstinate refusal. Defendants are aware that plaintiff has filed over 125 cases for alleged copyright infringement, and Defendants in this case will not be bullied into a settlement by way of refusals to engage in good faith litigation and foreclosing any opportunities to complete discovery in fair course.

Furthermore, Plaintiff acknowledges in the Declaration of Ryan Carreon that Local Civil Rule 37 was not complied with before the filing of this application. Plaintiff should not be awarded for failing to follow the rules.

**B) Plaintiff's Deposition Notices Are Deficient**

    **a. Plaintiff Failed to Serve a Fed. R. Civ. P. 30(b)(6) Notice on Defendant.**

The deposition notices that Plaintiff served that are the subject of this motion were deficient. The only named defendants in this action are corporate entities: Hollywood Unlocked, Inc., Hollywood Unlocked Agency, Ltd. Liability Co., and Hollywood Unlocked Agency, Inc. The deposition notice that Plaintiff served was not a Fed. R. Civ. P. 30(b)(6) notice on a corporate defendant, but it was served on an individual, Jason Lee, who is not a named party to the suit.

A Rule 30(b)(6) notice "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Here, Plaintiff did not serve a Rule

30(b)(6) notice nor did the notice describe with particularity the matters to be examined.  Courts have held that "serving deficient deposition notices demonstrates dilatoriness, rather than diligence*." Century Jets Aviation LLC v. Alchemist Jet Air LLC*, 2011 U.S. Dist. LEXIS 20540, *8-9 (S.D.N.Y. Feb. 7, 2011) (finding that the Rule 30(b)(6) notice did not identify any matters for examination, let alone describe them "with reasonable particularity," as required by the Rule).

### b.  Plaintiff Failed to Serve Deposition Subpoenas on Non-Parties.

Under Federal Rule of Civil Procedure 45(a)(1)(B), a party may serve a subpoena upon a non-party, commanding the non-party to attend a deposition. Fed. R. Civ. P. 45(a)(1)(B).  Here, Plaintiff served deposition notices on several non-parties that were identified in Defendants' initial disclosures.  At no time did Plaintiff's counsel ask for consent to serve the non-parties by depositions notices alone nor did counsel ask Defendants' counsel to accept service on behalf of the non-parties.  Counsel for Defendants does not currently represent any of the non-parties.

While Defendants should have filed a protective order to preclude the depositions in light of the deficient deposition notices, Defendants' counsel did provide informal, advanced notice to Plaintiff's counsel that the depositions would not go forward as scheduled.  District courts in this Circuit have found

that failure to challenge a deficient deposition notice to be at most negligent, and does not warrant a finding of sanctions. *Ward v. Nat'l Entm't Collectibles Ass'n*, 2012 U.S. Dist. LEXIS 196270, *32 (C.D.Cal. Oct. 29, 2012).

### C) Good Cause Exists for an Extension of the Discovery Deadline.

A case schedule may be modified "for good cause and with the judge's consent." *See* Fed. R. Civ. P. 16(b)(4). Good cause is shown if the party seeking an extension acts with reasonable diligence. *See, e.g., Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).

The basis of Plaintiff's motion to compel is for the opportunity to take depositions. Defendants do not object to the taking of depositions and would like to extend the discovery deadline for 30 days for all parties to finish its discovery objectives. Furthermore, counsel for Defendant has had the case for three months and is now seeking an extension at the conclusion of settlement negotiations. Defendants also find that a joint stipulation under Rule 37 would not remedy the dispute between the parties, which is the scheduling of deposition dates.

### III. CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court grant Defendants' Ex Parte Motion to Extend the Discovery Deadline and enter an Order extending the discovery deadline to January 8, 2021 to

allow the parties to conduct depositions and to complete written discovery. Defendants further respectfully request that this Court deny Plaintiff's application to compel depositions and for sanctions, or in the alternative to file a joint stipulation pursuant to Local Rule 37 after the discovery cutoff.

Dated: December 4, 2020             /s/ Keiyana Fordham Pilson

                                               Keiyana Fordham Pilson, Esq.
Pilson Law Group, P.C.
4601 Lafayette Street, #4476
Santa Clara, CA 95054
(202) 725-7440 | Phone
(408) 884-2407 | Fax
kpilson@pilsonlawgroup.com

# **CERTIFICATE OF SERVICE**

I certify that on this 4th day of December, 2020 I caused the foregoing, to be served by CM/ECF:

> Ryan E. Carreon  (rcarreon@higbeeassociates.com)
> HIGBEE & ASSOCIATES
> 1504 Brookhollow Dr., Suite 112
> Santa Ana, CA 92705
> (714) 617-8336 Tel.
> (714) 597-6559 Fax
> Attorneys for Plaintiff

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

/s/Keiyana Fordham Pilson
Keiyana Fordham Pilson