Mathew K. Higbee, Esq., SBN 241380
Ryan E. Carreon, Esq., SBN 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6559 facsimile
Email: mhigbee@higbeeassociates.com

*Attorney for Plaintiff,*
CHRISTOPHER SADOWSKI

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER SADOWSKI<br><br>Plaintiff,<br><br>v.<br><br>HOLLYWOOD UNLOCKED INC.; HOLLYWOOD UNLOCKED AGENCY LTD. LIABILITY CO.; HOLLYWOOD UNLOCKED AGENCY INC.; and DOES 1 through 10, inclusive.<br><br>Defendants. | Case 2:19-cv-05541-PSG-RAO<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO EXTEND THE DEADLINES** |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. DEFENDANT'S EX PARTE APPLICATION SHOULD BE DENIED

Defendants' Ex Parte Application to extend the discovery cut-off by 30 days should be denied[1].

First and foremost, Defendants' counsel did not provide notice to Plaintiff's counsel that she would be filing an Ex Parte application. Declaration of Ryan E. Carreon ("Carreon Decl.") ¶¶3-4. Indeed, Defendants' Ex Parte Application does not even make an attempt to satisfy the declaration requirements and informational requirements of L.R. 7-19 and 7-19.1.

Regardless, Defendants have not shown any reason as to why they are entitled to any of the requested relief, much less on an expedited basis.

A case schedule may be modified "for good cause and with the judge's consent." See Fed. R. Civ. P. 16(b)(4). Good cause is shown if the party seeking an extension acts with reasonable diligence. *See, e.g., Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, Defendants cannot demonstrate that they acted with reasonable diligence. Although this case has been pending for over a year, Defendants have not served Plaintiff with a single discovery request. Carreon Decl. ¶5. In contrast, during that same time period, Plaintiff was able to take multiple rounds of discovery. Carreon Decl. ¶6. There is simply no legitimate excuse for Defendants to wait until the literal 11th hour[2] to request an extension when it could have easily done so earlier and on a non-expedited basis.

Defendants further seem to suggest that the requested extension is needed because recent settlement discussions between the parties were not successful. Be

---

[1] Although Defendants' Ex Parte Application is combined with its opposition to Plaintiff's own Ex Parte Application, out of fairness, Plaintiff will only address Defendants' requests for affirmative relief and will not reply to any of the arguments raised by Defendants in opposition to Plaintiff's Ex Parte Application.

[2] Defendants' Ex Parte Application was filed at 11:52 p.m., eight minutes before the discovery cut-off was set to lapse.

that as it may, Defendants make no effort to explain why they could not engage in settlement discussions concurrently while taking timely discovery, which is exactly what Plaintiff, did.

The instant Ex Parte Application is nothing more than an appeal to "bail out" Defendants and their counsel from a crisis of their own making. This Court should not indulge such a request. Defendants' request should therefore be denied.

## II.   CONCLUSION

For all of the reasons set forth above, Plaintiff Christopher Sadowski respectfully requests that the Court deny Defendants' Application for Ex Parte relief for an 30 day extension of the discovery cut-off date.

DATED: December 5, 2020                        Respectfully submitted,

**/s/ *Ryan E. Carreon***
Ryan E. Carreon, Esq.
Cal. Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705
(714) 617-8336
*Counsel for Plaintiff*

# PROOF OF SERVICE

I, the undersigned, say:

I am a citizen of the United States and I am a member of the Bar of this Court. I am over the age of 18 and not a party to the within action My business address is 1504 Brookhollow Dr., Ste 112, Santa Ana, California, 92705.

On December 5, 2020 I caused to be served the foregoing documents:

**OPPOSITION TO EX PARTE APPLICATION; DECLARATION OF RYAN E. CARREON**

X    I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California using the CM/ECF system which will send notice of such filing to the following registered CM/ECF users:

Keiyana B. Fordham    kpilson@pilsonlawgroup.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on December 5, 2020, at Santa Ana, California.

> */s/ Ryan E. Carreon*
> Ryan E. Carreon, Esq.
> *Counsel for Plaintiff*