UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5541 PSG (RAOx) | Date | December 8, 2020 |
|---|---|---|---|
| Title | Christopher Sadowski v. Hollywood Unlocked, Inc. et al | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** The Court DENIES Plaintiff's ex parte application and DENIES Defendants' ex parte application.

Before the Court is an ex parte application filed by Plaintiff Christopher Sadowski, seeking that the Court either (1) compel depositions or (2) grant leave to file a Local Rule 37 Joint Stipulation after the discovery cutoff, and (3) sanctions. *See* Dkt. # 39 ("*App*"). Defendants Hollywood Unlocked, Inc., Hollywood Unlocked Agency LLC, and Hollywood Unlocked Agency, Inc. ("Defendants" or "Hollywood Unlocked") opposed, and filed their own ex parte application to amend the scheduling order to extend discovery cutoff. *See* Dkt. # 40 ("*Ds' Opp. and App.*"). Plaintiff opposed Defendants' ex parte application. *See* Dkt. # 41 ("*P's Opp*."). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving and opposing papers, the Court **DENIES** Plaintiff's ex parte application and **DENIES** Defendants' ex parte application.

I.  Background

Plaintiff initiated this copyright infringement dispute on June 25, 2019. *See generally Complaint*, Dkt. # 1. The Court issued a scheduling order on April 13, 2020, setting a fact discovery cut-off date of December 4, 2020. *Declaration of Ryan E. Carreon* ("*Carreon Decl.*"), ¶ 3; Dkt. # 26. Defendants served initial disclosures on May 4, identifying the following four individuals associated with Hollywood Unlocked: Jason Lee (CEO and founder), Kecia Gayle (Entertainment Reporter), Deja Monet (Senior Writer), and Alyssa Brook (Managing Editor). *Carreon Decl.* ¶ 5, Exh. A at 2. Defendants' counsel at the time (Defendants have since retained new counsel) listed the address of Hollywood Unlocked, Inc. for all four individuals. *Id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5541 PSG (RAOx) | Date | December 8, 2020 |
|---|---|---|---|
| Title | Christopher Sadowski v. Hollywood Unlocked, Inc. et al | | |

On September 2, Defendants' new counsel substituted into the case. *See* Dkt. # 35. On October 8, Plaintiff's counsel stated via email his intent to depose Lee, Gayle, Monet, and Brook, and asked Defendants' counsel to propose dates for the depositions, preferably in November. *Carreon Decl.* ¶ 9, Exh. B. Over the course of the next month, Defendants' counsel failed to provide available dates even though Plaintiff's counsel reminder her multiple times. *Id*. ¶¶ 11–15, Ex. B.

On November 17, Plaintiff's counsel issued notices of depositions to the four individuals for December 3 and 4. *Id*. ¶¶ 17–18, Ex. C. Defendants' counsel emailed Plaintiff's counsel twice, on December 1 and 2, respectively, stating for the first time that (1) Lee was "willing to go forward with depositions" but he was unavailable on the scheduled date and (2) Brook, Gayle, and Monet were "non-party defendants who may or may not be represented by personal attorneys." *Id*. ¶¶ 22–25, Exh. D. Defendants' counsel also informed Plaintiff's counsel of her intent to file a motion to extend the discovery deadline and to serve additional discovery on Plaintiff. *Id*., Exh. D.

Plaintiff's counsel then informed Defendants' counsel that he would file the instant ex parte application, *Id*. ¶ 30, which he did on December 4.[1] Plaintiff seeks that the Court either (1) compel depositions or (2) grant leave to file a Local Rule 37 Joint Stipulation after the discovery cutoff, and (3) sanctions. *See generally App*. In response, Defendants opposed and filed their own ex parte application to amend the scheduling order to extend discovery cutoff. *See generally Ds' Opp. and App*. The Court **DENIES** both ex parte applications.

II.     Legal Standard

The law on ex parte applications is well settled in this District. In order to justify ex parte relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). As the Court's standing order indicates, ex parte requests will only be

---

[1] Plaintiff originally filed this ex parte application with Magistrate Judge Rozella A. Oliver on December 3. Dkt. # 26. The document was stricken on the basis that some of the relief sought was outside the purview of the Magistrate Judge. Dkts. # 37–38. Plaintiff then filed the application with Chief Judge Philip S. Gutierrez.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5541 PSG (RAOx) | Date | December 8, 2020 |
|---|---|---|---|
| Title | Christopher Sadowski v. Hollywood Unlocked, Inc. et al | | |

entertained by the Court for extraordinary situations and should be used with discretion. *See Standing Order* ¶ 10.

III. Discussion

    A.    Plaintiff's Ex Parte Application

Plaintiff seeks that the Court either (1) compel depositions or (2) grant leave to file a Local Rule 37 Joint Stipulation after the discovery cutoff, and (3) sanctions. *See generally App*.

Although Plaintiff mentions the *Mission Power* standard, he does not meaningfully address it. *Id*. at 5. Furthermore, Plaintiff was not without fault in creating the crisis. Plaintiff (1) waited until October to begin discussing depositions, even though Defendants provided their initial disclosures in May, and (2) set depositions for December 3 and 4, when the discovery cutoff was December 4. Because Plaintiff's delay contributed to the creation of the emergency, ex parte relief and sanctions are not warranted.

Accordingly, the Court **DENIES** Plaintiff's ex parte application.

    B.    Defendants' Ex Parte Application

Defendants seek an extension of the discovery cut-off date. *See generally Ds' Opp. and App*. In their application, Defendants do not attempt to apply the *Mission Power* standard, and the Court **DENIES** the application on this basis.

However, even considering the merits of Defendants' application, it fails. A case schedule may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause is shown if the party seeking an extension acts with reasonable diligence. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). Here, Defendants fail to show that they acted with reasonable diligence during the discovery process. In fact, the emails submitted by Plaintiff demonstrate that Defendants (1) withheld information that delayed discovery and (2) waited to seek discovery until the eve of discovery cutoff, even though they had ample time to do so beforehand. *See Carreon Decl*., Exhs. B and D.

Accordingly, the Court **DENIES** Defendants' request to extend the discovery cutoff deadline.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5541 PSG (RAOx) | Date | December 8, 2020 |
|---|---|---|---|
| Title | Christopher Sadowski v. Hollywood Unlocked, Inc. et al | | |

IV. Conclusion

    For the foregoing reasons, the Court **DENIES** Plaintiff's ex parte application and **DENIES** Defendants' ex parte application.

    **IT IS SO ORDERED.**